IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>         v.<br><br>JOHANNA CARABALLO-LOPEZ,<br><br>Defendant. | CRIMINAL NO.  10-355-05 (DRD)<br>CRIMINAL NO.  10-384-01 (DRD) |

**REPORT AND RECOMMENDATION**

Defendant Johanna Caraballo-López was charged in Counts Sixteen, Seventeen and Nineteen of the Indictment in Cr. No. 10-355 (DRD); and in Counts One through Three; Five through Seven, Ten through Twelve and Fourteen through Sixteen of the Superseding Indictment in Cr. No. 10-384 (DRD), and she agreed to plead guilty to Counts One and Three of the Superseding Indictment in Cr. No. 10-384 (DRD) and Count Sixteen in Cr. No. 10-355 (DRD) of the Indictment.

Count One of the Superseding Indictment in Cr. No. 10-384 (DRD) charges that, on or about August 30, 2010, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, defendants, did knowingly and intentionally combine, conspire, confederate and agree together with each other and others both known and unknown to the Grand Jury, to commit an offense against the United States, that is: to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine; a Schedule II, Controlled Substance.  All in violation of Title 21, United States Code, Sections 846 and 841(a)(1) & (b)(1)(A)(ii)(II).

Count Three of the Superseding Indictment in Cr. No. 10-384 (DRD) charges that, on or about August 30, 2010, in the District of Puerto Rico and elsewhere within the jurisdiction

United States of America v. Johanna Caraballo-López
Criminal No. 10-355-05 (DRD)
Criminal No. 10-384-01 (DRD)
Report and Recommendation
Page 2

of this Court, defendant, did knowingly possess a firearm in furtherance of a drug trafficking crime as defined in Title 18, United States Code, Section 924(c)(2), that is, a violation of Title 21, United States Code, Sections 841(a)(1) and 846, involving a conspiracy and attempt to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, as charged in Counts One and Two of the Indictment herein, an offense, either of which, may be prosecuted in a count of the United States, all in violation of Title 18, United States Code, Section 924(c)(1)(A).

Count Sixteen of the Indictment in Cr. No. 10-355 (DRD), charges that, on or about August 27, 2010, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, defendants, did knowingly and intentionally combine, conspire, confederate and agree together with each other and others both known and unknown to the Grand Jury, to commit an offense against the United States, that is: to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine; a Schedule II, Controlled Substance. All in violation of Title 21, United States Code, Sections 846 and 841(a)(1) & (b)(1)(A)(ii)(II).

On May 31, 2011, defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury, which she signed and agreed upon voluntarily after examination in open court, under oath.[1]

---

[1] On June 3, 2011, defendant was brought to Court to clarify some matters related to the Superseding Indictment returned in Criminal No. 10-384 (DRD). The events that transpired at the hearing on June 3, 2011 do not affect the prior proceedings and the entering of defendant's plea on May 31, 2011. See related Minutes.

<u>United States of America v. Johanna Caraballo-López</u>
Criminal No. 10-355-05 (DRD)
Criminal No. 10-384-01 (DRD)
Report and Recommendation
Page 3

Defendant indicated and confirmed her intention to plead guilty to Counts One and Three of the Superseding Indictment in Cr. No. 10-384 (DRD) and Count Sixteen of the Indictment of Cr. No. 10-355 (DRD), upon being advised of her right to have said proceedings before a district judge of this court.[2] Upon verifying through defendant's statement her age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain her capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.[3]

Having further advised defendant of the charges contained in above-stated Counts One and Three of the Superseding Indictment in Cr. No. 10-384 (DRD) and Count Sixteen of the Indictment of Cr. No. 10-355 (DRD), she was examined and verified as being correct that: she had consulted with her counsel, Thomas R. Lincoln-San Juan, prior to the hearing for change of plea, that she was satisfied with the services provided by her legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, her constitutional rights and the consequences of the waiver of same.

---

[2] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

[3] Defendant indicated she took Prozac the morning of the change of plea hearing for her depression. Defendant stated the intake of that medication does not affect her to understand the proceedings. Based on defendant's demeanor, coherent responses and assertions of defense counsel, a determination of competency was made.

United States of America v. Johanna Caraballo-López
Criminal No. 10-355-05 (DRD)
Criminal No. 10-384-01 (DRD)
Report and Recommendation
Page 4

    Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing her initial plea of not guilty and now entering a plea of guilty to the charge specified, she was waiving her right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. She was also waiving her right to be presumed innocent and for the government to meet the obligation of establishing her guilt beyond a reasonable doubt. Furthermore, she was waiving her right during said trial to confront the witnesses who were to testify against her and be able to cross-examine them, through counsel at said trial, as well as present evidence on her behalf. She was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of her right to take the stand and testify, if she so decided, or not to testify, and no inference or decision as to her guilt could be made from the fact if she decides not to testify. Defendant was also explained her right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and her sentence were to be based on her plea of guilty, and she would be sentenced by the judge after considering the information contained in a pre-sentence report.

    As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of her counsel, Attorney Lincoln-San Juan, indicated she freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that she could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that she may consult with her attorney at any given time as to any issue.

    Defendant expressed her understanding of the penalties prescribed by statute for the offenses as to which she was pleading guilty. The statutory penalty for the offenses charged

in Count One of the Superseding Indictment Cr. No. 10-384 (DRD) and Count Sixteen of Indictment Cr. No. 10-355 (DRD) are each a term of imprisonment of not less than ten (10) years and no more than life, a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or ten million dollars ($10,000,000.00) and a term of supervised release of at least five (5) years in addition to any term of incarceration.

The statutory penalty for the offense charged in Count Three of the Superseding Indictment Cr. No. 10-384 (DRD) is a term of imprisonment of not less than five (5) years and no more than life to run consecutive to any other count, and a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or two hundred fifty thousand dollars ($250,000.00), and a term of supervised release of not more than five (5) years in addition to any term of incarceration.

Defendant shall also pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a), for a total of $300.00.

Having ascertained directly from defendant that she had not been induced in any way to plead guilty, that no one had forced her in any way to plead guilty, nor that she had been offered any reward or any other thing of value to get her to plead guilty, the document entitled "Plea Agreement pursuant to Rule 11(c)(1)(C) FRCP" ("the Agreement") and the "Plea Agreement Supplement"[4] were shown to defendant, verifying her signature and initials on each and every page.

---

[4] Defendant acknowledged discussing the "Plea Agreement Supplement" with her counsel and stated she understood the terms and consequences of the same. Defense counsel recognized he explained to defendant the content of the "Plea Agreement Supplement" and explained to defendant its consequences.

Pursuant to paragraph number Six (6) of the Agreement, the undersigned apprised defendant of the Rule 11(c)(1)(C) Warnings. To this effect, defendant Johanna Caraballo-López, is aware that the court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement until it has considered the pre-sentence report. If the Court rejects the Plea Agreement, the Court shall, on the record, inform the parties of this fact and afford the defendant an opportunity to withdraw the guilty plea, and advise the defendant that if the defendant persists in a guilty plea, the disposition of the case may be less favorable to the defendant than the defendant contemplated in the Plea Agreement. In addition, as part of the terms and conditions of the Plea Agreement, the parties agree that should the Court reject the Plea Agreement, the United States reserves the right to withdraw from its obligations under the Plea Agreement.

The United States stipulate that the amount of cocaine attributable to this defendant is at least 5 kilograms but less than 15 kilograms.

The above-captioned parties' estimate and agreement that appears on pages four (4), five (5), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. The Base Offense Level pursuant to U.S.S.G. §2D1.1 (at least five (5) kilograms but less than fifteen (15) kilograms of cocaine) is of Thirty-Two (32). Pursuant to U.S.S.G. § 3E1.1(a), a decrease of three (3) levels is agreed for acceptance of responsibility. Therefore, the Total Offense Level is of Twenty-Nine (29), yielding an imprisonment range of Eighty-Seven (87) to One hundred and Eight (108) months if the Criminal History Category is I.

United States of America v. Johanna Caraballo-López
Criminal No. 10-355-05 (DRD)
Criminal No. 10-384-01 (DRD)
Report and Recommendation
Page 7

The parties recognize and agree that a total of 156 months (96 months for Count 1 in Cr. No. 10-384 (DRD) and Count 16 in Cr. No. 10-355 (DRD) to be run concurrent with each other and 60 months for Count 3 in Cr. No. 10-384(DRD) to be run consecutive to the drug counts) would be the recommendation of the United States assuming the defendant has a criminal history category of I. This recommendation was reached with full contemplation of the sentencing factors under Title 18, United States Code, Section 3553 et seq. At sentencing, the United States will make a motion to dismiss all remaining counts of both indictments.

The United States and the defendant agree that no further adjustment or departures to the defendant's base offense level shall be sought by the parties unless agreed by both parties. The parties agree that any request by the defendant for an adjustment or departure not agreed to by both parties will be considered a material breach of the plea agreement.

The parties do not stipulate as to any Criminal History Category for defendant.

As part of the written Agreement, the government, the defendant, and her counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by her counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between them. Defendant was able to understand this explanation and agreed with the government's submission.

United States of America v. Johanna Caraballo-López
Criminal No. 10-355-05 (DRD)
Criminal No. 10-384-01 (DRD)
Report and Recommendation
Page 8

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, her attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact she is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without her being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to her, to her counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that she can appeal her conviction if she believes that her guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by her guilty plea. Defendant was also informed that she has a statutory right to appeal her sentence under certain circumstances particularly if the sentence is contrary to law. Any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because her Plea Agreement contains a waiver of appeal in paragraph fifteen (15) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with her counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with her client.

The defendant agrees to the following forfeiture:

(a) Defendant hereby forfeits the below-referenced amount, representing all the proceeds of the criminal offense committed by the defendant in violation of Title 21, United States Code, Sections 841(a)(1) and 846:

   Eleven Thousand Five Hundred dollars ($11,500.00).

(b) Defendant hereby agrees to the entry of an order of forfeiture for the above-referenced amount at the time of sentencing.

(c) As part of the defendant's plea agreement with the United States, defendant agrees not to contest the forfeiture to the government of the above-referenced amount.

(d) In the event that the defendant cannot tender the above-referenced amount at sentencing, the defendant agrees to forfeit substitute assets equal in value to that amount.

(e) Defendant agrees that he will cooperate with the government by taking whatever steps are necessary to fulfill this forfeiture obligation.

(f) The defendant hereby waives the requirements of Fed.R.Crim.P. 43 (a) with respect to the imposition of any forfeiture sanction carried out in accordance with this Plea Agreement, and further agrees to not contest or challenge in any manner (including direct appeal, habeas corpus, or any other means) such forfeiture on any grounds, including that the forfeiture constitutes double jeopardy, or an excessive fine or punishment.

Defendant waived the reading of both Indictments in open court because she is aware of their content. Defendant was shown a written document entitled "Stipulation of Facts", which had been signed by defendant and her counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears. Defendant was provided an opportunity to see and examine same, indicating she availed himself of the opportunity to

further discuss same with her attorney and then she positively stated that what was contained in Counts One and Three of the Superseding Indictment in Cr. No. 10-384 (DRD) and Count Sixteen of the Indictment of Cr. No. 10-355 (DRD) was what she had done and to which she was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that she agreed with the government's evidence as to her participation in the offense. Thereupon, defendant indicated she was pleading guilty to Counts One and Three of the Superseding Indictment in Criminal Case No. 10-384 (DRD) and Count Sixteen of the Indictment of Criminal Case No. 10-355 (DRD).

This Magistrate Judge after having explained to the defendant her rights, ascertaining that she was acting freely and voluntarily to the waiver of such rights and in her decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Counts One and Three of the Superseding Indictment in Criminal Case No. 10-384 (DRD) and Count Sixteen of the Indictment of Criminal Case No. 10-355 (DRD).

**IT IS SO RECOMMENDED.**

The sentencing hearing is set for September 30, 2011 at 9:30 a.m., before Honorable Daniel R. Domínguez.

San Juan, Puerto Rico, this 3rd day of June of 2011.

                s/ CAMILLE L. VELEZ-RIVE
                CAMILLE L. VELEZ-RIVE
                UNITED STATES MAGISTRATE JUDGE